IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM F. HOLDNER, D.B.A.      Civ. No. 3:15-cv-2039-AC
HOLDNER FARMS

              Plaintiff,                OPINION AND ORDER

     v.

KATY COBA, DIRECTOR OF OREGON
DEPT. OF AGRICULTURE, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY;
DICK PEDERSON, DIRECTOR OF THE
OREGON DEPT. OF ENVIRONMENTAL
QUALITY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY,

              Defendants.

ACOSTA, Magistrate Judge:

    Plaintiff William Holdner ("plaintiff") brings this civil rights and declaratory judgment lawsuit arising from the Oregon Department of Agriculture's regulation of plaintiff's cattle ranch and plaintiff's subsequent criminal prosecution for violation of state water pollution statues. Defendants Katy Coba and Dick Pederson ("defendants") move to dismiss plaintiff's lawsuit for lack of standing and for failure to state a claim (ECF No. 12). For the reasons discussed below,

Page 1 – OPINION AND ORDER

defendants' motion is GRANTED and the complaint (ECF no. 1) is DISMISSED with prejudice.[1]

*Background*

Since 2007, State of Oregon authorities ("state authorities") have attempted to prevent plaintiff from discharging animal wastes from his cattle ranching operation into state waters, and to bring his beef facility operation under a state Confined Animal Feeding Operation ("CAFO") permit, as required by state law. These efforts culminated in civil administrate proceedings, a criminal prosecution, and two civil suits plaintiff filed in this court in an attempt to enjoin the State authorities from bringing enforcement actions against him. In every forum, the issues were adjudicated in favor of the state authorities.

I.  Civil Suits

On August 20, 2009, plaintiff filed a civil action in the U.S. District Court, District of Oregon against the Oregon Department of Agriculture ("ODA"), entitled *Holdner v. Oregon Department of Agriculture*, Case No. 3:09-979-AC, challenging ODA's regulatory authority and the evidence supporting its administrative enforcement actions against him. 2009 WL 5149264 (D. Or. Dec. 23, 2009). The court granted summary judgment in favor of the ODA, stating that plaintiff "failed to provide any evidence, or even to allege specific factual allegations, in support of his claim," and that he relied "exclusively on the allegation in his complaint and unsupported conclusory statements." *Id.* at *14.

Plaintiff filed a second civil action in this district on June 28, 2012, again alleging that the state authorities lacked authority to regulate water quality and asserting constitutional claims. *Holdner v. John Kroger, et al*, Case No. 3:12-cv-1159-PK. 2012 WL 6131637 (D. Or. Nov. 6,

---

[1] Defendants requested oral argument on their motion. The court finds this motion appropriate for disposition without oral argument, pursuant to Local Rule 7-1(d)(1).

2012).Plaintiff alleged that the state's water quality program was *ultra vires* and that the State generally, and ODA in particular, lacked authority to administer the NPDES program or to enforce any state law governing water quality. *Id.* at *14-*15. He alleged violations of his constitutional rights, including substantive due process. The court dismissed this action, stating that plaintiff's claims were barred by claim preclusion and the *Younger* abstention doctrine, and noting that plaintiff could have raised his *ultra vires* claim in any of his prior proceedings. *Id.* at *12-*14. The second civil action was thus dismissed on December 10, 2012. The Ninth Circuit affirmed the district court's decision on April 15, 2015, and the Supreme Court denied certiorari on October 5, 2015.

II.     State Criminal Proceedings

On May 19, 2010, plaintiff was indicted on three felony and twenty-five misdemeanor counts of water pollution under state law. Plaintiff filed a motion to dismiss, arguing that the state lacks authority to regulate his livestock operations, and that the criminal enforcement action violated his constitutional rights. He also alleged that his land patent barred any criminal enforcement action, and that ODA did not have authority to administer the NPDES program. Plaintiff's motion was denied on July 19, 2011. Plaintiff's motions for reconsideration, as well as his "Motion to Renew Dismissal of Animal Pollution Charges," also were denied.

On February 24, 2012, plaintiff was found guilty on 27 counts of water pollution. Judgment was entered May 21, 2012. Plaintiff's motion for arrested judgment and new trial motion were denied on June 22, 2012, and his conviction was upheld on appeal without opinion by the Oregon Court of Appeals on February 5, 2014. *State of Oregon v. Holdner*, CA No. A151760 (Feb. 5, 2014). The Oregon Supreme Court denied review on June 12, 2014. *State of Oregon v. William Frederick Holdner,* 355 Or. 668, 330 P.3d 27 (Table).

Page 3 – OPINION AND ORDER

On October 3, 2014, plaintiff was convicted of 95 counts of animal neglect. *State of Oregon v. William F. Holdner*, Columbia County Circuit Court Case No. 12-6240. Plaintiff's probationary conditions bar him from possessing livestock for a period of five years, until December 8, 2019. Plaintiff's appeal of this conviction is pending as of the date of this Opinion.

III. Plaintiff's Complaint

Plaintiff filed this lawsuit on October 29, 2015, alleging violations under 42 U.S.C. § 1983 and requesting a declaratory judgment. Plaintiff's complaint disputes the state's authority to regulate livestock operations on his land. Plaintiff's complaint appears to allege three claims: (1) a § 1983 claim for deprivation of constitutional due process rights; (2) a claim that the Department of Environmental Quality ("DEQ") and ODA acted outside their enforcement authority; and (3) a claim that plaintiff's land patent bars the state from regulating water quality on plaintiff's land.

Defendants now move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). They argue that plaintiff lacks standing to bring this action, that claim preclusion and issue preclusion bar his lawsuit, that Eleventh Amendment immunity bars his § 1983 claim, that defendants are entitled to qualified immunity, that he may not bring a private action under the Clean Water Act ("CWA"), and that he fails to state a claim on which relief can be granted.

*Legal Standards*

I. The Court's Review of Pro Se Filings

A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). When dismissing the complaint of a pro se litigant, the litigant "must be given leave to amend his or her

complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*)).

II. Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Under Article III of the Constitution, federal judicial power extends only to "Cases" and "Controversies." U.S. CONST., art. III, § 2, cl. 1. Article III standing thus is a threshold requirement for federal court jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). At a constitutional minimum, standing requires the party invoking federal jurisdiction to establish three elements: (1) injury in the form of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the likelihood, not mere speculation, that a favorable decision will redress the injury. *Id.* at 560-61.

*Discussion*

I. Standing

Because it is a threshold requirement for establishing federal court jurisdiction, the court first addresses defendants' standing argument. *Lujan*, 504 U.S. at 559-60. The three elements of standing are (1) injury-in-fact; (2) causation; and (3) redressability. *Id.* at 560. It is the burden of the party invoking federal jurisdiction to establish that he has standing. *Id.* at 561. To provide standing, an alleged injury must be a "concrete and particularized" invasion of a "legally

protected interest." *Id.* at 560. The injury must be "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.*

Defendants argue that plaintiff lacks standing to bring these claims because he has not alleged an injury-in-fact sufficient to meet the standard set forth by in *Lujan*. Here, because of probationary conditions imposed after his criminal convictions, plaintiff is prohibited from possessing livestock. ECF No. 12, Ex. 23, pp. 2; *see also State of Oregon v. William F. Holdner*, Columbia County Circuit Court Case No. 12-6240. Indeed, plaintiff does not allege that he possesses a cattle operation. *See* ECF No. 1. Because plaintiff cannot legally possess livestock until December 8, 2019, he has no legally protected interest in livestock as required for standing to bring his claims, and can show no "actual or imminent" injury sufficient to meet the standing requirement in federal court.

Plaintiff's pending appeal of his state court criminal conviction for 95 counts of animal neglect[2] does not affect the court's standing analysis because plaintiff has failed to show that a reversal on all 95 counts is sufficiently plausible to meet the "actual or imminent" standard set forth in *Lujan*. 504 U.S. at 560. Further, while plaintiff contends that he plans to lease his property to his son to raise cattle, plaintiff does not allege sufficient facts that would establish standing to bring claims on behalf of his son. In sum, plaintiff has not met his burden to show standing, and therefore fails to establish federal court jurisdiction.

II.  Claim Preclusion

Equally dispositive of plaintiff's claims is that claim preclusion bars his lawsuit, which is substantially similar to the two lawsuits plaintiff previously filed in this court and involves

---

[2] To the extent that plaintiff asks the court to review his state court criminal conviction, his request is denied because the court lacks jurisdiction to review a state court criminal conviction unless by habeas petition.

Page 6 – OPINION AND ORDER

claims which were raised or should have been raised in prior administrative and criminal proceedings. In Oregon, "[t]he doctrine of claim preclusion . . . generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005) (en banc). The claim-splitting rule "forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Id.* at 511. Moreover, the Ninth Circuit's claim preclusion doctrine bars litigation of any claims that were raised or could have been raised in the prior action, and applies when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Plaintiff misquotes Judge Papak's 2012 Recommendation as stating that "claim preclusion does not bar Plaintiffs claim."[3] On the contrary, Judge Papak clearly stated that plaintiff's claims would be barred by claim preclusion. In *Holdner v. Kroger, et al*, Case No. 3:12-cv-01159-PK, 2012 WL 6131637 (D. Or. Nov. 6, 2012), plaintiff's second civil action filed in this court, Judge Papak stated that claim preclusion barred plaintiff's claims that the ODA exceeded its regulatory authority and lacked authority to enforce the CWA because he could have raised these claims "in any number of earlier proceedings."[4] *Id.* at *7. The claims raised in this case are substantially similar to the claims plaintiff alleged in *Holdner v. Kroger*. As plaintiff's prior proceedings were litigated to final judgment on the merits and the defendants in

---

[3] Plaintiff elsewhere acknowledges that the claims alleged in his complaint have been "raised" in previous court proceedings. Compl. ¶ 4.

[4] As noted, Judge Simon adopted Judge Papak's recommendation and dismissed plaintiff's case on December 10, 2012; the Ninth Circuit affirmed the decision, and the Supreme Court denied certiorari on October 5, 2015.

Page 7 – OPINION AND ORDER

this action are in privity with the State of Oregon, a party to plaintiff's criminal proceeding, plaintiff's claims are barred by claim preclusion. *Owens*, 244 F.3d at 713.

Plaintiff also contends his claims are not precluded, citing *Doug Decker v. Northwest Environmental Defense Centers*, 133 S.Ct. 1326 (2013). Plaintiff misreads *Decker*. In that case, respondents invoked federal jurisdiction under 33 U.S.C. 1356(a), which authorizes private enforcement of the provisions of the CWA and its implementing regulations. *Id.* at 1334. Petitioners argued that the NEDC's suit was barred by Section 1369(b), which provides for "judicial review in the United States courts of appeals of various particular actions by the [EPA] Administrator, including establishment of effluent standards and issuance of permits for discharge of pollutants." *Id.*

The Court agreed with respondents and held that Section 1369(b) did not bar respondents' suit, which originated as a citizen suit brought under Section 1365. That Section, the Court held, allows citizen suits against alleged violators of the CWA that seek to enforce an obligation imposed by the CWA or its regulations. *Decker*, 113 S.Ct. at 1334. Here, plaintiff's complaint is not brought to enforce any provision of the CWA, and defendants do not allege his complaint is barred under Section 1369(b).[5]

Because the claims raised in plaintiff's complaint are substantially similar to those contained in plaintiff's prior civil suits, the court finds that plaintiff's claims are barred by claim preclusion.

[5] Plaintiff also argues that the *Decker* holding entails that "claim preclusion, . . . [E]leventh [A]mendment and qualified immunity issues do not bar [his] claims. The court also rejects this contention as it appears to be based on a misreading of *Decker*.

III.　Issue Preclusion

Issue preclusion also bars plaintiff's claims because the issues raised in plaintiff's complaint were fully litigated to a final judgment on the merits in plaintiff's first federal court lawsuit, the state criminal proceedings, and the prior state administrative proceedings. "If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met." *Nelson v. Emerald People's Util. District*, 318 Or. 99 104 (1993). First, the issue in the proceedings must be "identical." *Id.* at 104. Here, plaintiff may not relitigate whether the State of Oregon has the authority to regulate plaintiff's operations; plaintiff raised this issue as a defense in prior administrative and criminal proceedings. Plaintiff also raised the issue of his land patent and his *ultra vires* claim that the ODA lacks authority to enforce the CWA in prior proceedings. The first requirement is therefore met.

Second, the issue must have been "actually litigated" and "essential to a final decision on the merits in the prior proceeding." *Nelson*, 318 Or. at 104. This requirement is met because the state criminal and administrative proceedings resulted in judgments for the state. Thus, there has been a previous finding that the state and its agents did not act outside their federal and statutory authority or in violation of an alleged exemption created by plaintiff's land patent.

Third, the party to be precluded must have "had a full and fair opportunity to be heard" on the issue. *Nelson*, 318 Or. at 104. Plaintiff had a full and fair opportunity to be heard on these issues in his four prior proceedings. In the prior proceedings, plaintiff presented extensive evidence and filed motions in an attempt to prove that the state and its agents acted outside their federal statutory authority. Plaintiff thus had ample opportunity to be heard on the issues raised in his complaint, and this requirement is met.

Page 9 – OPINION AND ORDER

Fourth, the party to be precluded must have been a party to or "in privity with" a party to the prior proceeding. *Id.* Plaintiff is the party against whom preclusion is sought, and he was a party in each of the prior civil lawsuits, and the administrative proceeding, and the defendant in the criminal proceeding. This requirement is also met.

Finally, the prior proceeding must have been "the type of proceeding to which [the] court will give preclusive effect." *Id.* The rules of preclusion apply "where both actions are criminal, where the prior action is criminal and the later action is civil, and where the prior adjudication is administrative in nature." *Shuler v. Distribution Trucking Co.*, 164 Or. App. 615, 624 (1999). The prior proceedings meet these requirements. Because this requirement is also met, plaintiff is prohibited by issue preclusion from relitigating the issues raised in this lawsuit.

IV.     Eleventh Amendment Immunity and Qualified Immunity

Plaintiff's claims are also barred by Eleventh Amendment immunity and qualified immunity. The Eleventh Amendment bars a citizen from bringing suit in federal court against the citizen's own state regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). A state agency is immune from suit under the Eleventh Amendment because the State is the real party in interest, *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991); similarly, state officials acting in their official capacity are immune from suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because plaintiff has sued both agency directors in their official capacities, and the state has not waived immunity, defendants are shielded by the state's Eleventh Amendment immunity.

To the extent that plaintiff's complaint can be interpreted as asserting a claim under 42 U.S.C. § 1983, defendants are entitled to qualified immunity from such a claim. To avoid qualified immunity, plaintiff's complaint must (1) state a claim for civil rights violations; and (2)

Page 10 – OPINION AND ORDER

establish that the constitutional right violated was so clearly established that it would have been clear to a reasonable person that the conduct he complains of was unlawful. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (plaintiff must plead a violation of his constitutional rights); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385 (9th Cir. 1997) (plaintiff initially bears the burden of showing the violation of a clearly established federal right).

As discussed in Sections V and VI below, the court has examined plaintiff's entire complaint and finds that he has failed to state a claim for relief under § 1983 for a violation of his constitutional rights, or under any other provision of federal law. Therefore, qualified immunity also bars his suit.

V.  CWA Claims

Plaintiff's complaint appears to allege (1) that the state lakes the authority to enforce the CWA, and (2) a claim or "citizen suit" brought under the CWA. Plaintiff's allegations fail to state a claim for relief. First, as set forth in the Federal Register, the EPA has affirmatively determined that Oregon meets the criteria under the CWA to administer the NPDES permit program in lieu of the EPA. "The contents of the Federal Register shall be judicially noticed." 44 U.S.C. § 1507. Thus, while plaintiff alleges that the state lacks authority to implement the CWA permit program, the court need not accept as true allegations that contradict matters properly subject to judicial notice in a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, opinion amended on denial of rehearing, 275 F.3d 1187 (9th Cir. 2001).

Second, the private action provision in the CWA does not contemplate a lawsuit against a state regarding either its authority to enforce its own environmental protection laws or to manage its NPDES permitting program. 33 U.S.C. § 1365. Plaintiff's claim that this action is a citizen suit under the CWA therefore lacks merit. Furthermore, plaintiff does not seek to enforce

Page 11 – OPINION AND ORDER

effluent standards; rather, he seeks to nullify Oregon's ability to enforce water quality standard. Insofar as plaintiff challenges the state's decision to issue, or refuse to issue, a water quality permit as not compliant with the CWA, such challenge fails to state a claim because the CWA does not provide a federal cause of action to challenge a state agency's issuance of a NPDES permit.[6] *District of Columbia v. Schramm*, 631 F.2d 854, 863 (D.C. Cir. 1980). For these reasons, plaintiff has not stated a claim for relief under the CWA.

## VI. Failure to Allege Facts

The court also finds that plaintiff fails to meet the standard for adequate pleadings set forth in Fed. R. Civ. P. 12(b)(6). As articulated in *Bell Atlantic Corp. v. Twombly*, recitation of mere labels, conclusions, and elements is insufficient to state a claim for relief. 550 U.S. 544, 555 (2007). Here, plaintiff's complaint fails to allege any actions taken by either of the named defendants. Plaintiff does not allege that he applied for a water quality permit, that a permit was denied, or that he currently holds a permit. He does not allege that he owns any cattle or livestock, or that he currently operates a CAFO. He alleges no financial loss imposed by the State's permitting process, nor any injury caused by any state actor or resulting from a state decision. He does not allege or describe any injury caused by the relationship between the EPA, the DEQ, or the ODA. In sum, the complaint before the court is a series of legal conclusions lacking any allegations which connect either defendant to any specific violation of law. Accordingly, plaintiff fails to meet the requirements of Fed. R. Civ. P. 12(b)(6).

---

[6] Nor does plaintiff have an implied cause of action under the CWA; the Supreme Court has held that the CWA's "unusually elaborate enforcement provisions" contain no implied cause of action for private citizens. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 13-15, 17-18 (1981). Further, the remedies provided by Congress in the CWA foreclose a private remedy under § 1983. *Id.* at 19-21.

VII.   Leave to Amend

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See* 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir. 2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Here, plaintiff's complaint is substantially similar to the two civil complaints he previously filed in this court, and it contains claims that were or should have been raised in prior administrative and criminal proceedings in state court. *See Holdner v. ODA*, U.S. District Court Case No. 3:09-979-AC; *Holdner v. John Kroger, et al*, U.S. Dist. Court Case No. 3:12-cv-1159-PK. Further, his claims are barred by Eleventh Amendment immunity and qualified immunity, fail to comply with Fed. R. Civ. P. 12(b)(6), and fail to state a claim under the CWA. It is clear that plaintiffs' claims cannot be cured by the allegation of additional facts. The court thus finds plaintiff should not be granted leave to amend and the complaint is dismissed with prejudice.

*Conclusion*

After careful consideration of plaintiff's complaint in light of the Rule 12(b) standard, defendants' motions to dismiss (#12) is GRANTED and the complaint (#1) DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  1st  day of June, 2016.

_____
JOHN ACOSTA
United States Magistrate Judge