IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM F. HOLDNER, D.B.A.            Civ. No. 3:15-cv-2039-AC
HOLDNER FARMS

               Plaintiff,            OPINION AND ORDER

     v.

KATY COBA, DIRECTOR OF OREGON
DEPT. OF AGRICULTURE, IN HER
INDIVIDUAL AND OFFICIAL CAPACITY;
DICK PEDERSON, DIRECTOR OF THE
OREGON DEPT. OF ENVIRONMENTAL
QUALITY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY,

               Defendants.

ACOSTA, Magistrate Judge:

       Plaintiff filed this lawsuit on October 29, 2015, alleging violations under 42 U.S.C. § 1983 and requesting a declaratory judgment. Plaintiff's complaint disputed the state's authority to regulate livestock operations on his land, and appeared to allege: (1) a § 1983 claim for deprivation of constitutional due process rights; (2) a claim that the Department of Environmental Quality ("DEQ") and ODA acted outside their enforcement authority; and (3) a

Page 1 – OPINION AND ORDER

claim that plaintiff's land patent bars the state from regulating water quality on plaintiff's land. Defendants moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), arguing that plaintiff lacked standing, that claim preclusion and issue preclusion barred his lawsuit, that Eleventh Amendment immunity barred his § 1983 claim, that defendants are entitled to qualified immunity, that plaintiff may not bring a private action under the Clean Water Act ("CWA"), and that he failed to state a claim on which relief can be granted.  On June 1, 2016, the court issued an Opinion and Order ("Order") granting defendants' motion and dismissing the complaint with prejudice.  On June 17, 2016, plaintiff filed this motion for reconsideration of the court's Order, filed as an "Objection to Opinion and Order to Dismiss." (ECF No. 36.)  For the reasons discussed below, plaintiff's motion is denied.[1]

*Legal Standards*

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012).  However, two rules contemplate a situation where the court may revisit prior decisions and order them amended, rescinded, or reversed.  Rule 59(e), 60(b) (2016). After the court has entered a final judgment in a matter, a party may seek relief from that judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Plaintiff requested oral argument on his motion. The court finds this motion appropriate for disposition without oral argument, pursuant to Local Rule 7-1(d)(1).

Page 2 – OPINION AND ORDER

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

Rule 60(b). Rule 59(e) does not articulate a test to determine when a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha,* 440 F.3d 1145, 1153-54 (9th Cir. 2006); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under either rule, "a motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (citing *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996)).

When a party moves for reconsideration based on new evidence, the court applies the same test regardless of whether the motion is brought under Rule 59 or Rule 60. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). "Under this test the movant must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878 (internal quotation marks omitted).

Page 3 – OPINION AND ORDER

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.,* 229 F.3d at 890. Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1980).

*Discussion*

The court has carefully reviewed the entire record and the briefs in this matter, and finds that plaintiff's motion for reconsideration does provide reason under Rule 59(e) or Rule 60(b) to reconsider the court's Order. Specifically, plaintiff's brief does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation or misconduct by defendants; that the judgment is void; or any other reason that justifies relief. *See* Rule 60(b). Nor has plaintiff shown that the court committed a clear error, an intervening change in controlling law, or that error, or that the initial decision was manifestly unjust. *See Sissoko,* 440 F.3d at 1153-54; *Kona Enters., Inc.,* 229 F.3d at 890. Rather, plaintiff's motion reiterates points raised in his response to defendants' motion to dismiss. (*See* ECF Nos. 20, 36, 41.) Plaintiff also raises arguments regarding Eleventh Amendment immunity and qualified immunity. The court considered these issues and arguments in its June 1, 2016 Order. (ECF No. 35.) Plaintiff had a full and fair opportunity to be heard on these issues during motion practice, and the court will not reconsider them now. In sum, because plaintiff has failed to provide adequate grounds for reconsideration of the court's Order, his motion is denied.

/////

/////

/////

/////

Page 4 – OPINION AND ORDER

*Conclusion*

After careful consideration of record and briefs, plaintiff's motion (ECF No. 36) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of August, 2016.

                                                 JOHN V. ACOSTA
                                         United States Magistrate Judge