IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM F. HOLDNER, D.B.A. HOLDNER FARMS | Civ. No. 3:15-cv-2039-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KATY COBA, DIRECTOR OF OREGON DEPT. OF AGRICULTURE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DICK PEDERSON, DIRECTOR OF THE OREGON DEPT. OF ENVIRONMENTAL QUALITY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Before the court is plaintiff's motion (ECF No. 54) requesting review of this court's Amended Opinion and Order (ECF No. 45) by a district court judge. Citing Federal Rule of Civil Procedure ("Rule") 59, plaintiff contends that a district court judge must consider

objections to a magistrate judge's recommendation.[1]  Plaintiff alleges the Rule was adopted as a result of *United States v. Abonce-Barrera*, 257 F.3d 959 (9th Cir. 2001).

Parties are entitled to review of a magistrate judge's recommendation by a district court judge only in cases where there has not been full consent.  Once full consent has been granted, 28 U.S.C. § 636 controls.[2]  Because full consent was granted by all parties in this case (ECF No. 19), the proper route of appeal of the court's order is to the Ninth Circuit.

For these reasons, plaintiff's motion (ECF No. 54) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of August, 2016.

                                             _____/s/ John V. Acosta_____
                                                         JOHN V. ACOSTA
                                                 United States Magistrate Judge

---

[1] Plaintiff appears to cite section (3) of this Rule, which does not exist in the text of Rule 59.  Rule 59 governs new trial motions, and motions to alter or amend a judgment.

[2] 28 U.S.C. § 636(c) provides,

> Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
>
> . . .
>
> Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court.

*Id.* at (1), (3).