UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM F. HOLDNER dba HOLDNER FARMS, | Case No. 3:15-cv-2039-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KATY COBA, in her individual capacity; ALEXIS TAYLOR, DIRECTOR OF OREGON DEPARTMENT OF AGRICULTURE, in her official capacity; DICK PEDERSON, in his individual capacity; and RICHARD WHITMAN, DIRECTOR OF THE OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY, in his official capacity, | |
| Defendants.[1] | |

---

[1] Alexis Taylor and Richard Whitman have been substituted as successors for Katy Coba and Dick Pederson, respectively, under FED. R. CIV. P. 25(d), but only to the extent they were named in their official capacities.

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff William Holdner ("Holdner"), appearing *pro se*, filed a civil rights action against Katy Coba, Director of Oregon's Department of Agriculture, and Dick Peterson, Director of Oregon's Department of Environmental Quality (collectively "Defendants"), challenging their authority to regulate livestock operations on his land. The court granted Defendants' motion to dismiss finding Holdner lacked standing; the claims are barred by claim preclusion, issue preclusion; and Eleventh Amendment immunity; and Defendants are entitled to qualified immunity, and dismissed the complaint with prejudice. Holder appealed and the Ninth Circuit affirmed the court's dismissal of the complaint but remanded with directions to dismiss the action without prejudice.

On March 27, 2018, Holdner filed a First Amended Complaint (the "Amended Complaint") in which he asserts the same claims but incorporates additional factual allegations. Defendants move to dismiss the Amended Complaint asserting it does not remedy the defects found in the original complaint. The court finds the Amended Complaint fails to state a claim upon which relief may be granted and Defendants are entitled, once again, to the dismissal of this action. Consequently, Defendants' motion to dismiss is granted.

*Background*

This is the third action initiated in this court by Holdner asserting claims based on Oregon's enforcement of water quality standards against his livestock operation. In 2006, the Oregon Department of Agriculture (the "Department") became concerned Holdner was discharging animal waste from his property in a manner likely to send it into a nearby creek. *Holdner v. Coba*, Civ. No. 09-979-AC, 2011 WL 2633165, at *3 (D. Or. July 5, 2011)("*Holdner I*"). As a result, the

Department issued a civil citation for pollution violations against Holdner on three separate occasions – March 9, 2007, February 10, 2009, and June 15, 2009. *Id*. Additionally, in 2010, the Oregon Department of Justice indicted Holdner on three felony and twenty-five misdemeanor counts of water pollution. *Id*. at *3. Holdner requested administrative review of the civil citations, arguing his ranch was exempt from state and federal regulation, and moved to dismiss the criminal charges on the ground the Department exceeded its authority in enforcing the federal statute. *Id*. at *3; *see also Holdner v. Kroger*, No. 3:12-cv-01159-PK, 2012 WL 6131637, at *2 (D. Or. Nov. 6, 2012)("*Holdner II*"). The administrative hearing resulted in final orders in the agency's favor and the court denied Holdner's motion in the criminal proceedings. *Holdner I*, 2011 WL 2633165, at *3; *Holdner II*, 2012 WL 6131637, at *3.

On August 20, 2009, Holdner filed an action against the Department complaining about the issuance of the civil citations. *Holdner I*, 2011 WL 2633165, at *1. Holdner again asserted the Department exceeded its authority under federal statues and sought to enjoin it from taking further enforcement actions against him. *Id*. at *4. After directing Holdner to amend his complaint twice, the court determined Holdner was alleging a claim under 42 U.S.C. § 1983 ("Section 1983") for violation of his rights to procedural due process. *Id*. It then granted summary judgment to the Department on the Section 1983 claim, finding Holdner failed to allege a violation of a fundamental right or offer evidence of the Department's involvement in the conduct comprising such violation.[2] *Id*. at *7-*8.

/ / / / /

---

[2]The court also granted summary judgment on Holdner's claim for injunctive relief finding it barred by the *Younger* abstention doctrine. *Id*. at *6.

Holdner filed a second action on June 28, 2012, once again alleging various Oregon agencies lacked authority to regulate water quality and asserting a single claim for declaratory relief under a slightly different theory than alleged in *Holdner I*. *Holdner II*, 2012 WL 6131637, at *2. Specifically, Holdner alleged the United States Environmental Protection Agency never granted authority to the State of Oregon to administer the National Pollution Discharge Elimination System and, absent such authority, Oregon's regulatory and permitting scheme governing animal feeding operations was *ultra vires*. *Id*. at *3. Judge Papak denied the defendants' motion to dismiss on the grounds of mootness and the *Rooker-Feldman* doctrine, but granted the motion finding Holdner's claims barred by the *Younger* abstention doctrine and claim preclusion. *Id*. at *3-*7.

Judge Papak set forth the elements of the claim preclusion doctrine – identity of claims, final judgment on the merits, and identity or privity between the parties – and described the doctrine as "[barring] litigation of any claims that were raised or could have been raised in the prior action" where these elements are present. *Id*. at *7. He then reasoned:

> Looking for the moment only at Holdner's prior state administrative and criminal proceedings, it is clear that Holdner could easily have raised his current theory that the ODA lacks authority to enforce the Clean Water Act in either of those proceedings, but only now attempts to pursue further litigation on that "theory of relief." Similarly, Holdner could have raised his *ultra vires* theory in the prior federal case, in which he contended that the ODA exceeded its regulatory authority for other reasons. Moreover, there is no doubt that Holdner's prior proceedings were litigated to final judgment on the merits. Finally, the current defendants in this action are surely in privity with the State of Oregon, a party to Holdner's criminal proceeding, since they are all departments or agents of the state.
>
> Holdner's single argument against the application of claim preclusion is that the legal theory central to his case – that Oregon's entire water pollution control scheme is *ultra vires* – was not previously litigated in any other proceeding. But Holdner misunderstands the nature of federal and Oregon claim preclusion doctrines, both of which recognize preclusion where a claim or theory *could have been* raised in an earlier proceeding, but nevertheless was not. Consequently, even though Holdner has

> now discovered a new legal theory explaining why he was not subject to the Oregon NPDES permitting requirement for CAFO's, he is precluded from advancing it here because he could have raised it in any number of earlier proceedings.

*Id*. at *7 (internal quotations omitted).

Holdner filed the instant action, the third in this court, on October 29, 2015, once again complaining about Defendants' regulation of the livestock operations on Holdner's property. (Compl. ECF No. 1.) The court interpreted the complaint filed on October 29, 2015 (the "Complaint") to allege three claims: 1) deprivation of Holdner's constitutional due process rights under Section 1983; 2) Defendants acted outside their enforcement authority under the Clean Water Act; and 3) Holdner's land patent bars the state from regulating water quality on his land. *Holdner v. Coba*, Civ. No. 3:15-cv-2039-AC, 2016 WL 3102053 (D. Or. June 1, 2016) ("*Holdner III*")[3]. However, the court later noted "the allegations of the Complaint universally support a single claim under Section 1983." *Holdner v. Coba*, Case No. 3:15-cv-2039-AC, 2016 WL 6662687, at *5 (D. Or. Nov. 9, 2016).

The court granted Defendants' motion to dismiss on several grounds. First, the court found Holdner lacked standing based on the absence of a injury-in-fact. *Holdner III*, 2016 WL 3102053, at *3. The court reasoned "[b]ecause plaintiff cannot legally possess livestock until December 8, 2019, he has no legally protected interest in livestock as required for standing to bring his claims, and can show no 'actual or imminent' injury sufficient to meet the standing requirement in federal court." *Id*.

/ / / / /

---

[3]Holdner's motion for reconsideration of this Opinion was denied in *Holdner v. Coba*, Civ No. 3:15-cv-2039-AC, 2016 WL 4210776 (D. Or. Aug. 8, 2016).

Next, the court found Holdner's claims barred by claim preclusion. *Id*. The court found *Holdner III* to be substantially similar to *Holdner I* and *Holdner II*, and to allege "claims which were raised or should have been raised in prior administrative and criminal proceedings." *Holdner III*, 2016 WL 3102053, at *3. It then noted "Judge Papak clearly stated that plaintiff's claims would be barred by claim preclusion" and "[a]s plaintiff's prior proceedings were litigated to final judgment on the merits and the defendants in this action are in privity with the State of Oregon, a party to plaintiff's criminal proceeding, plaintiffs claims are barred by claim preclusion." *Id*. Similarly, issue preclusion prevented Holdner from pursuing his claims "because issues raised in plaintiff's complaint were fully litigated to a final judgment on the merits in plaintiff's first federal court lawsuit, the criminal proceedings, and the prior state court administrative proceedings. *Id*. at *4. Additionally, the court found Holdner unable prosecute a citizen suit under the Clean Water Act. *Id*. at *5-*6.

Assuming Holdner had stated a viable claim, the court determined Defendants were protected by Eleventh Amendment immunity and qualified immunity. *Id*. at *5. Holdner sued Defendants in their official capacities and Oregon did not waive its Eleventh Amendment immunity. Consequently, Defendants were shielded by such immunity. *Id*. Additionally, Holdner failed to allege a viable claim for violation of his constitutional rights, providing qualified immunity to Defendants. *Id*.

The court considered allowing Holdner leave to amend the Complaint. However, it determined Holdner could not cure the defects in the Complaint in amended pleading. Specifically, claim preclusion barred Holdner from pursuing any claim that was, or should have been, raised in his prior federal lawsuits or state administrative and criminal proceedings. *Id*. at *6. Moreover,

Holdner could not bring a private action under Clean Water Act or sue Defendants in their official capacity. *Id*. Finally, Defendants would be afforded qualified immunity on any claims based on constitutional violations alleged in his prior actions. Consequently, the court dismissed Holdner's action with prejudice.

Holdner appealed the opinion and the Ninth Circuit "affirm[ed] the district court's dismissal of Holdner's action but vacate[d] the judgment in part and remand[ed] for the district court to dismiss Holdner's action without prejudice." *Holdner v. Coba*, 693 Fed. Appx. 613, 613 (2017). The court based its ruling on Holdner's failure to challenge this court's grounds for dismissing the complaint, resulting in the wavier of any such challenge. *Id*. The Ninth Circuit did not provide any direction on whether Holdner could file an amended complaint in this case or what deficiencies should be remedied in the new filing.

Holder filed the Amended Complaint asserting the same claims with additional factual allegations. The new allegations relate solely to his conviction for water pollution in the state court under an allegedly unconstitutional statute. (Am. Compl., ECF No. 62, ¶¶ 22-29.) They describe testimony and evidence offered at his criminal trial, and assert the penalty and fine issued against him violated his due process rights. (Am. Compl. ¶¶ 23-29.) Defendants move to dismiss the Amend Complaint.

*Legal Standard*

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2018). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While the court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a plaintiff must set forth a plausible claim for relief – a possible claim for relief will not do. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678); *Sheppard v. David Evans and Assoc.*, No. 11-35164, 2012 WL 3983909 at *4 (9th Cir. Sept. 12, 2012)(quoting *Iqbal*, 556 U.S. at 679) ("The Supreme Court has emphasized that analyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'").

*Discussion*

The Amended Complaint asserts the same claims as those asserted by Holdner in the Complaint. The only difference in the Amended Complaint is the addition of allegations related to Holdner's state criminal proceedings. All of these allegations, and any new claims deriving therefrom, could have been asserted in Holdner's prior legal proceedings and are barred by claim preclusion. Holdner has failed to successfully cure the deficiencies identified by this court, which findings were affirmed by the Ninth Circuit. Consequently, the Amended Complaint fails to state a claim upon which relief may be granted and Defendants are entitled, once again, to the dismissal of this action.

At oral argument, Holdner expressed, for the first time, his intent to rely on Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") to set aside Oregon's enforcement of water quality standards against Holdner and his livestock operation. Rule 60 allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons. FED. R. CIV. P. 60(b) (2018). However, a motion for relief under Rule 60 must be brought in the court which rendered the original judgment. *Veltze v. Bucyrus-Eire Co.*, 154 F.R.D. 214, 216 ( E.D. Wis. 1994). Rule 60 does not authorize this court to relieve Holdner from a judgment issued by the Oregon courts.

The failure of the Ninth Circuit to instruct Holdner, or the court, on the purpose of dismissing this action without prejudice is problematic. As Defendants surmise, it is possible the Ninth Circuit intended to allow Holdner to refile his action after the prohibition on his ability to legally possess livestock expired, thereby eliminating the obstacle to establishing standing. Additionally, the Ninth Circuit could have opened the door to Holdner reasserting his claim in a court of competent jurisdiction to resolve the Eleventh Amendment immunity issue. While such filings would remain subject to the prior conclusion by this court and the Ninth Circuit that any claim based on Defendants' regulation of Holdner's livestock operation and resulting administrative proceedings and criminal prosecution are barred by claim preclusion, the court must follow the direction of the Ninth Circuit and dismiss this action without prejudice. However, Holdner may not refile this action in this court prior to the expiration of the prohibition on his ability to legally possess livestock on December 8, 2019, and may not assert claims related to Defendants' previous regulation of Holdner's livestock operation, and resulting administrative proceedings and criminal prosecution.

/ / / / /

*Conclusion*

Defendants' motion (ECF No. 63) to dismiss is GRANTED and this action is dismissed without prejudice.

DATED this 2nd day of July, 2018.

                                          /s/ John V. Acosta
                                           JOHN V. ACOSTA
                                    United States Magistrate Judge